## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAFAYETTE DIVISION

| | |
|---|---|
| **RONALD COLEMAN CLARK** | **CIVIL ACTION NO. 07-2100** |
| **VS.** | **SECTION P** |
| **CORNEL HUBERT, WARDEN** | **JUDGE MELANÇON** |
| | **MAGISTRATE JUDGE METHVIN** |

### *REPORT AND RECOMMENDATION*

Before the court is *pro se* petitioner Ronald Coleman Clark's petition for writ of *habeas corpus* (28 U.S.C. §2254) filed on December 5, 2007.  Petitioner is an inmate in the custody of Louisiana's Department of Public Safety and Corrections; he is incarcerated at the Hunt Correctional Center, St. Gabriel, Louisiana. He attacks his March 2005 manslaughter conviction in the Sixteenth Judicial District Court, St. Mary Parish.  This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court.  For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE** because petitioner's claims remain unexhausted and are now procedurally defaulted; in the alternative it is recommended that the petition be **DISMISSED WITH PREJUDICE** as time-barred by the provisions of 28 U.S.C. §2244(d).

### *Background*

Petitioner was indicted by the St. Mary Parish Grand Jury on a charge of second degree murder. On January 3, 2005 he pled guilty to the reduced charge of manslaughter pursuant to an "open-ended" plea agreement. [doc. 8, pp. 29-36]  On March 23, 2005 a sentencing hearing was convened in accordance with the terms of the plea agreement; petitioner was then sentenced to

2

serve 35-years at hard labor. [doc. 8, pp. 37-78] On April 1, 2005 petitioner filed a motion to reconsider sentence which was summarily denied. [doc. 8, p. 3]

Petitioner appealed to the First Circuit Court of Appeals; court-appointed appellate counsel argued a single claim of excessiveness of sentence. [doc. 1, ¶ 9; doc. 8, pp. 25-28] On February 10, 2006 his conviction and sentence were affirmed by Louisiana's First Circuit Court of Appeal in an unpublished opinion. *State of Louisiana v. Ronald Coleman Clark*, 2005-1049 (La. 2/10/2006), 924 So.2d 515 (Table) [see also slip opinion, doc. 8, pp. 20-24].  Petitioner did not seek further direct review in the Louisiana Supreme Court. [doc. 8, p. 3][1]

Instead, on or about May 18, 2007 [2] he filed a *pro se* application for post-conviction relief in the Sixteenth Judicial District Court arguing the following claims of ineffective assistance of counsel: (1) denial of preliminary hearing; (2) failure to request a continuance; (3) failure to investigate or prepare defense; (4) failure to carry out plea bargain; (5) failure to have expert witness review autopsy of the victim; (6) failure to allow petitioner an opportunity to read the transcript of the Grand Jury proceedings; (7) failure to file motions on petitioner's behalf; and, (8) coerced guilty plea. [doc. 1, ¶ 11(a)(3)] On that same date, May 18, 2007, the application was denied. [doc. 8, pp. 18-19]

―――――――――――――

[1] In his amended petition, petitioner admitted that he did not seek further direct review in the Louisiana Supreme Court. A review of the presumptively reliable published jurisprudence of the State of Louisiana confirms that no writ judgments involving the petitioner have been issued by the Louisiana Supreme Court.

[2] On February 12, 2008, the undersigned directed petitioner to amend his petition and submit additional information. Among other things, petitioner was directed to provide "[a] dated copy of the Application for Post-Conviction Relief filed by petitioner in the Sixteenth Judicial District Court." [doc. 5, p. 4] On May 1, 2008 petitioner submitted an amended complaint along with various exhibits. Conspicuously absent was the Application for Post-Conviction Relief. However, petitioner did provide a copy of the trial court's reasons for judgment denying the application for post-conviction relief. According to the reasons for judgment, petitioner filed his application for post-conviction relief on May 18, 2007. [doc. 8, p. 18] However, the judgment denying post-conviction relief was signed on May 18, 2007. It seems improbable that the pleading was filed on the same date that it was denied.

3

Petitioner claims that he sought review of the denial of his application for post-conviction relief [doc. 1, ¶ 11(d)(1)], however, as noted in footnote 1, the undersigned can find no Louisiana Supreme Court writ judgments involving the petitioner in the presumptively reliable published jurisprudence of the State of Louisiana. Furthermore, petitioner was directed to provide "[d]ated copies of the writ applications petitioner claims to have filed in the First Circuit Court of Appeals and the Louisiana Supreme Court following the denial of his application for post-conviction relief and copies of the judgments of those courts..." [doc. 5, p. 5].  Petitioner failed to include any such pleadings with his amended petition. [see doc. 8] It must therefore be assumed that petitioner did not seek review of the denial of his application for post-conviction relief.

Petitioner signed his *habeas* petition and memorandum in support on October 2, 2007 [doc. 1, p. 6 and doc. 1-3, p. 7]; however, it was not received and filed until December 5, 2007. Petitioner's lengthy memorandum was difficult to decipher, but apparently he argued claims of ineffective assistance of counsel based upon (1) the denial of a preliminary hearing; (2) counsel's failure to request a continuance; (3) counsel's failure to investigate; (4) counsel's failure to "carry out" plea bargain; (5) counsel's failure to review the victim's autopsy; (6) counsel's failure to allow petitioner to review the grand jury transcripts; (7) counsel's failure to file any motions on petitioner's behalf; and (8) excessiveness of sentence. [doc. 1-3, p. 3] Elsewhere petitioner alleged a "broken plea agreement" based on counsel's promise to him that he would receive a 15-year sentence. [doc. 1-3, pp. 1-3] As noted above, he was ordered to amend his petition to provide a more definite statement of his claims. [doc. 5]

Since it also appeared that petitioner failed to exhaust available state court remedies, petitioner was directed to amend his petition to offer evidence to establish exhaustion. In the

4

alternative, it was noted that petitioner's claims may now be procedurally defaulted. Petitioner

was therefore ordered to provide argument and evidence of "cause and prejudice" or "actual

innocence" so as to persuade the court to reach the merits of his unexhausted yet procedurally

defaulted claims. [doc. 5][3] In response, petitioner claimed that the cause of his default was

"... counsel error which led to the failure to seek writs challenging broken plea and ineffective

assistance of counsel..." [doc. 8, p. 3]

### Law and Analysis

Title 28 U.S.C. §2254 states, in part:

(b)(1) An application for a writ of *habeas corpus* on behalf of a person in custody
pursuant to the judgment of a State court shall not be granted unless it appears that
(A) the applicant has exhausted the remedies available in the courts of the State;
or
(B)(i) there is an absence of available State corrective process; or
(ii) circumstances exist that render such process ineffective to protect the rights of
the applicant.

* * *

(c) An applicant shall not be deemed to have exhausted the remedies available in
the courts of the State, within the meaning of this section, if he has the right under
the law of the State to raise, by any available procedure, the question presented.
28 U.S.C. § 2254.

The exhaustion doctrine set forth in § 2254 requires that the state courts be given the

initial opportunity to address and, if necessary, correct alleged deprivations of federal

constitutional rights in state cases. *Castille v. Peoples*, 489 U.S. 346, 349, 109 S.Ct. 1056, 1059,

---

[3]   More specifically, the order provided, "Petitioner should establish whether or not he properly exhausted
each claim for relief by presenting the claim in question to the Louisiana Supreme Court in a procedurally correct
manner; to the extent that petitioner may now claim that he is unable to exhaust his federal claims due to the
procedural default doctrine, petitioner should provide argument and evidence to establish cause for the default,
prejudice arising from the default and/or argument in support of the notion that the failure of this court to address the
merits of his claims will result in a miscarriage of justice." [doc. 5]

103 L.Ed.2d 380 (1989). The doctrine serves "to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings." *Rose v. Lundy*, 455 U.S. 509, 518, 102 S.Ct. 1198, 1203, 71 L.Ed.2d 379 (1982).   Federal and state courts are equally obliged to guard and protect rights secured by the Constitution.   Therefore, it would be inappropriate for a federal district court to upset a state court conviction without first giving the state court the opportunity to correct the alleged constitutional violation.

To have exhausted his state remedies, a federal *habeas* petitioner must have fairly presented the substance of his federal constitutional claims to the state courts. *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir.1997), *cert. denied*, 523 U.S. 1139, 118 S.Ct. 1845, 140 L.Ed.2d 1094 (1998). Exhaustion requires that any federal constitutional claim presented to the state courts be supported by the same factual allegations and legal theories upon which the petitioner bases his federal claims. *Picard v. Connor*, 404 U.S. 270, 276, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971).

In addition, a federal *habeas* petitioner must fairly present his constitutional claim to the highest state court. *Skelton v. Whitley*, 950 F.2d 1037, 1041 (5th Cir.), *cert. denied sub nom*. *Skelton v. Smith*, 506 U.S. 833, 113 S.Ct. 102, 121 L.Ed.2d 61 (1992); *Richardson v. Procunier*, 762 F.2d 429, 431 (5th Cir.1985); *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir.1982), *cert. denied*, 460 U.S. 1056, 103 S.Ct. 1508, 75 L.Ed.2d 937 (1983).  In Louisiana, the highest state court is the Louisiana Supreme Court.

As shown above, petitioner has not presented <u>any</u> of his federal *habeas* claims to the Supreme Court of Louisiana. Therefore, it is clear that since the Louisiana Supreme Court has not yet had an opportunity to review and determine the merits of petitioner's *habeas corpus* claims, those claims remain unexhausted.

6

## 2. Technical Exhaustion

While petitioner's claims remain unexhausted, all could be said to be "technically exhausted" since petitioner cannot now litigate these claims in the Louisiana courts.[4]  *Engle v. Isaac*, 456 U.S. 107, 125 n. 28, 102 S.Ct. 1558, 1570-71 n. 28, 71 L.Ed.2d 783 (1982); 28 U.S.C. §2254(c).  However, when state remedies are rendered unavailable by the petitioner's own procedural default, federal courts are normally barred from reviewing those claims. See *Coleman v. Thompson*, 501 U.S. 722, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991), "[I]f the petitioner failed to exhaust state remedies and the court to which petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred, ... [then] there is a procedural default for purposes of federal *habeas*...." *Id.* at 735 n. 1, 111 S.Ct. at 2557 n. 1.

The procedural default doctrine bars federal *habeas corpus* review when a state court declines to address a petitioner's federal claims because the petitioner has failed to follow a state procedural rule. *Coleman v. Thompson*, 501 U.S. 722, 729, 111 S.Ct. 2546, 2553-54, 115 L.Ed.2d 640 (1991). "[I]n all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal *habeas* review of the claims is barred unless the prisoner can demonstrate cause for the default and actual

---

[4] Petitioner could not now raise these claims in a second Application for Post-Conviction Relief since under Louisiana law, any future attempt to raise this claim in an Application for Post-Conviction Relief would likely be dismissed as repetitive under La. C.Cr.P. art. 930.4(D) (A successive application may be dismissed if it fails to raise a new or different claim.") or (E) (" A successive application may be dismissed if it raises a new or different claim that was inexcusably omitted from a prior application."), or as time-barred by the provisions of La. C.Cr.P. art. 930.8. That statute provides a two-year period of limitations for filing applications for post-conviction relief and that period is generally reckoned from the date that the applicant's judgment of conviction becomes final under Louisiana law. Petitioner's judgment of conviction became final under the provisions of Louisiana law sometime in February 2006 when the delays for seeking rehearing in the court of appeals expired. See La. C.Cr.P. art. 922(B).  Thus, any application for post-conviction relief filed after February 2008 would probably be dismissed as untimely.

7

prejudice as result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Id.* at 750-51. This doctrine ensures that federal courts give proper respect to state procedural rules. *Id.*

It is reasonable to conclude that petitioner is now unable to litigate these claims in the courts of Louisiana, and that any attempt to litigate these claims would result in dismissal on procedural grounds.  Therefore, his claims must now be considered procedurally defaulted. See *Steele v. Young*, 11 F.3d 1518, 1524 (10th Cir.1993), (cited with approval in *Sones v. Hargett*, 61 F3d 410, 416 (5ᵗʰ Cir. 1995)), ("[I]f it  is obvious that the unexhausted claim would be procedurally barred in state court, we will forego the needless 'judicial ping- pong' and hold the claim procedurally barred from *habeas* review").

### a. "Cause and Prejudice"

In order for petitioner to avoid a procedural bar he must show "cause and prejudice" for the default by showing that "some objective factor <u>external to the defense</u>" prevented the petitioner from properly raising the claims in state court. *McClesky v. Zant*, 499 U.S. 467, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991)(quoting, *Murray*, 477 U.S. at 488) (emphasis supplied). In this case, petitioner can fault only himself for his failure to "fairly present" his federal *habeas* claims to the Louisiana Courts.[5]

Nevertheless, "[i]n addition to cause, [a procedurally defaulted *habeas* petitioner] must show actual prejudice to overcome the procedural bar." *United States v. Guerra*, 94 F.3d 989,

---

[5] As shown above, petitioner argues that his attorney's failure to raise claims of ineffective assistance of counsel and breached plea bargain before the Louisiana Supreme Court was the cause of his default. This claim is incomprehensible. Petitioner first raised these claims in his *pro se* application for post-conviction relief. Once those claims were rejected by the trial court, it was incumbent upon petitioner to seek further review in the appropriate court of appeal and then the Louisiana Supreme Court if necessary. His court-appointed appellate counsel was not appointed to represent petitioner during the collateral review process.

8

994 (5th Cir.1996) (internal quotations omitted). "The movant makes this showing where he demonstrates that, but for the error, he might not have been convicted." *Id.* (emphasis supplied); See also *Pickney v. Cain,* 337 F.3d 542, 545 (5th Cir. 2003).  Even if petitioner were to establish cause for his default, it appears unlikely that he could establish prejudice since he has provided no reason to suspect that the Louisiana courts would have ruled favorably on these claims even if they had been fairly presented to the Louisiana Supreme Court in a procedurally appropriate manner.

### b. Fundamental Miscarriage of Justice – "Actual Innocence"

Petitioner may also obtain federal review of a technically exhausted but procedurally defaulted claim by showing that the failure to consider the claim will result in a "fundamental miscarriage of justice."  In order to make such a showing, the *habeas* petitioner must show, "... as a factual matter, that he did not commit the crime of conviction." *Fairman v. Anderson*, 188 F.3d 635 (5th Cir.1999) (citing *Ward v. Cain*, 53 F.3d 106, 108 (5th Cir.1995). To establish such actual innocence,  petitioner must "support his allegations with new, reliable evidence that was not presented at trial and must show that it was 'more likely than not that no reasonable juror would have convicted him in light of the new evidence.'" *Id.* (citing *Schlup v. Delo*, 513 U.S. 298, 327, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995)).  Petitioner has not provided any new and reliable evidence of his innocence.  To the contrary, the evidence of petitioner's guilt is overwhelming.[6]

---

[6] Petitioner pled guilty to the offense of manslaughter. At the time of his plea the prosecutor provided a statement of the facts of the case, "On the morning of July 5 of 2004, workers at the Forest Motel discovered the body of Monica Alexander Richards, I think in Room 146. She had a broken nose. She was laying in a pool of blood on the bed in the room. They immediately then tried to locate Mr. Clark, who had checked into the room with Miss Richards and had in fact stayed there with her. He was located incarcerated in Calcasieu Parish. He had been involved in a hit and run accident and arrested for that hit and run accident. When contacted, Mr. Clark had indicated

9

### c. Conclusion

Petitioner, by his own admission, has once again failed to fairly present the substance of his federal habeas corpus claims to the Louisiana Supreme Court. As with his previous petition for writ of *habeas corpus*, petitioner failed to exhaust available state court remedies with respect to his federal claims.  Now, however, his claims would be subject to dismissal were he to attempt exhaustion in the courts of Louisiana. Therefore, his claims, although "technically exhausted" are procedurally defaulted. Since petitioner has not shown "cause" and "prejudice" for the default, and, since he has not shown that the failure to review his claims on the merits would result in  a "miscarriage of justice" the petition should be denied and dismissed with prejudice.

### 3. Time Bar

This petition was filed after the effective date of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA).  Therefore, the court must apply the provisions of AEDPA, including the timeliness provisions. *Villegas v. Johnson,* 184 F.3d 467, 468 (5th Cir. 8/9/1999); *In Re Smith,* 142 F.3d 832, 834, citing *Lindh v. Murphy,* 521 U.S. 320, 336, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997).

28 U.S.C. §2244(d)(1)(A) was amended by AEDPA to provide a one-year statute of limitations for the filing of applications for writ of *habeas corpus* by persons in custody pursuant

---

that he and Miss Richards had gone out drinking on July the 4th and that they had an argument and he was highly intoxicated. When he woke up, he found her dead and he left the room at that time. This would fit Manslaughter under either one of two situations. The first situation would be a homicide which would be murder, except that it was committed in sudden passion or where a person lost their self-control, it would be that the factual situation would fit that. But it would also be under the second factual situation where someone dies without any intent to kill or inflict great bodily harm, bu the person dies while the perpetrator is committing an intentional misdemeanor or affecting the person, namely a simple battery. In this case, Miss Richards was found in a pool of blood. Her nose was broken and such things as that. So, we submit it would be Manslaughter under either circumstance." [doc. 8, pp. 34-35] Petitioner, under oath, concurred with those facts and conclusions as stated by the prosecutor. [Id., p. 35]

10

to the judgment of a State court.  This limitation period generally runs from "...the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review..." 28 U.S.C. §2244(d)(1)(A).[7]

However, the statutory tolling provision set forth in 28 U.S.C. § 2244(d)(2)  provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period.   *Ott v. Johnson,* 192 F.3d 510, 512 (5th Cir. 1999); *Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2). Any lapse of time <u>before</u> the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period. *Villegas,* 184 F.3d 467, citing *Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir.1998).  Federal courts may raise the one-year time limitation *sua sponte*. *Kiser v. Johnson,* 163 F.3d 326 (5th Cir. 1999).

Petitioner appealed his sentence.  His  sentence was affirmed by the First Circuit Court of Appeals on February 10, 2006. *State of Louisiana v. Ronald Coleman Clark*, 2005-1049 (La. 2/10/2006), 924 So.2d 515 (Table).  Petitioner did not seek further direct review by filing an application for writs in Louisiana's Supreme Court.  For AEDPA purposes, petitioner's judgment of conviction and sentence "became final by the conclusion of direct review or the expiration of the time for seeking such review" [28 U.S.C. § 2244(d)(1)(A)], thirty days after notice of judgment was mailed, on or about March 13, 2006.[8]  See *Roberts v. Cockrell*, 319 F.3d 690, 694

---

[7] Nothing in the record before the court suggests that any State created impediments prevented the filing of the petition. Further, nothing in the record suggests that petitioner is relying on a constitutional right newly recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review. Finally, nothing in the record suggests that the factual predicate of the claims presented was only recently discovered. [See 28 U.S.C. § 2244(d)(1)(B), (C), and (D)].

[8] See Louisiana Supreme Court Rule X § 5(a) which provides: "An application seeking to review a judgment of the court of appeal ... shall be made within thirty days of the mailing of the notice of the original

11

(5th Cir.2003) (if defendant stops the appeal process before entry of judgment by court of last resort, the conviction becomes final when the time for seeking further direct review in the state court expires.)

Therefore, petitioner had until March 13, 2007 to file his federal *habeas corpus* suit. He cannot rely on the tolling provision provided by 28 U.S.C. §2244(d)(2) unless he can show that some state post-conviction proceedings remained pending in the Louisiana courts during this relevant time period.  According to the evidence submitted by petitioner, he filed an Application for Post-Conviction Relief sometime in May, 2007, but by that time, the AEDPA limitations period had already expired. Further, even if he could show that he filed some post-conviction proceeding prior to the March 2007, that post-conviction proceeding ceased to be pending once the trial court denied relief on May 17, 2007. Thereafter, a period of at least five months elapsed before petitioner signed his federal habeas petition in October 2007.

In other words, the pleadings and exhibits submitted thus far by the petitioner strongly suggest that his *habeas* petition is time-barred.  To the extent that petitioner might object to this finding, he is encouraged to provide the documentary evidence requested in the original Memorandum Order, namely a signed and dated copy of the Application for Post-Conviction Relief filed in the district court, along with signed and dated copies of any pleadings filed in the court of appeals or Louisiana Supreme Court seeking review of the May, 2007 judgment denying post-conviction relief.

Accordingly,

---

judgment of the court of appeal..."

12

**IT IS RECOMMENDED** that this petition for *habeas corpus* should be **DENIED AND DISMISSED WITH PREJUDICE**  because petitioner's claims are unexhausted and these unexhausted, though "technically exhausted" claims are barred from consideration by the procedural default doctrine; in the alternative,

**IT IS RECOMMENDED** that this petition be **DENIED AND DISMISSED WITH PREJUDICE** because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. §2244(d).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.[9]  A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal**

---

[9] Should petitioner object to the Report and Recommendation, he should provide argument and evidence to establish that his claims are not barred by the one-year period of limitations codified at 28 U.S.C. §2244(d). In support of such argument, petitioner should provide evidence to establish that he was able to toll the limitations period by properly filing state post-conviction or collateral attacks during the time that the limitations period remained viable.

13

conclusions accepted by the District Court, except upon grounds of plain error.  *See,*

*Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.  1996).

Signed at Lafayette, Louisiana, on July 2, 2008.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)